Goldin v Alphawit LLC (2022 NY Slip Op 00249)





Goldin v Alphawit LLC


2022 NY Slip Op 00249


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Index No. 653046/18 Appeal No. 15050 Case No. 2021-01243 

[*1]Dmitriy Goldin, Plaintiff-Appellant,
v
Alphawit LLC Doing Business as Bright Minds Center et al., Defendants-Respondents.


Dmitriy Goldin, appellant pro se.
Raven & Kolbe, LLP, New York (Jeffrey Hellerman of counsel), for respondents.



Order, Supreme Court, New York County (Shawn Timothy Kelly, J.), entered April 6, 2021, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.
The complaint alleges that defendant Bright Minds Center refused to allow plaintiff's son to wear a Star of David necklace to daycare in violation of New York State Human Rights Law and article 47 of the New York City Health Code. The complaint asserts causes of action for breach of contract, religious persecution, child assault and endangerment, limiting access to his child, and improper handling of personal information.
As a threshold matter, plaintiff failed to demonstrate the existence of an injury upon which relief could be granted (see Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 384 [2017]). At the time that he commenced this action, his children no longer attended the daycare center. Moreover, while plaintiff claims that defendants' actions caused him emotional harm, he provided no evidence of treatment for emotional distress or of monetary loss.
Even if plaintiff had standing to bring this action, it would have to be dismissed. The religious persecution claim is predicated on defendants' blanket policy prohibiting children ages two to five from wearing jewelry. Defendants provided a nondiscriminatory reason for the policy, i.e., that it is dangerous for young children at daycare to wear jewelry because it can be a choking hazard, both to themselves and to other children at the center. Indeed, plaintiff previously was reminded of the policy after his daughter, while at daycare, was found with a nonreligious necklace in her mouth. Plaintiff failed to submit evidence that his son's religion played any role in defendants' decision to remove his necklace (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 39 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). To the contrary, defendants informed plaintiff that his son was free to express his faith in other ways, such as the wearing of religious garb.
The court correctly dismissed the breach of contract claim, stemming from a parent/guardian enrollment agreement and a dispute settlement agreement, as plaintiff failed to show that defendants breached either agreement and failed to demonstrate any damages resulting from an alleged breach. Plaintiff's child assault and endangerment claims were correctly dismissed because there is no private right of action under article 47 of the New York City Health Code. The complaint fails to state causes of action for limiting access to plaintiff's child and improper handling of personal information based on defendants' communications with the children's mother. In the absence of a custody agreement to the contrary, Bright Minds could not disregard the mother's requests, but had to abide by her wishes as the children's guardian.
We have considered plaintiff's remaining arguments [*2]and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022